## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **GREGORY LAMONT WOOTEN,** | § | |
| **Petitioner** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-05-480** |
| | § | |
| **JOE D. DRIVER, WARDEN,** | § | |
| **Respondent** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Three Rivers, Texas ("FCI-Three Rivers"). Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on September 21, 2005, arguing that the respondent is not properly calculating the good conduct credits he is due.

## BACKGROUND

On August 17, 1995, Petitioner was sentenced in the United States District Court for the Western District of Oklahoma to serve 188 months in the custody of the Bureau of Prisons after being convicted of the offense of possession with intent to distribute a controlled substance (D.E. 1 @ 2-3).  According to BOP calculations, petitioner has a release date of September 11, 2008, which includes 718 days of good time credit (*Id.* at 3).  Petitioner argues that the BOP is miscalculating his good conduct credits and that he actually is eligible to earn 847 days of credit under the applicable statute (*Id.*).

## APPLICABLE LAW

### A.  Preliminary Review

Rule 1 of the Rules Governing Section 2254 Cases, permits the District Court to apply its rules to screening of a § 2241 petition.  Rule 1(b), Rules Governing Section 2254 Cases.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Rule 4, Rules Governing Section 2254 Cases.  Here, it plainly appears from the petition that petitioner is not entitled to relief.

### B.  Computation of Good Time Credit

The statute at issue, 18 U.S.C. § 3624(b), states the following:

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.  Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or equivalent degree.  Credit that has not been earned may not later be granted.  Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

Petitioner argues that he is entitled to 54 days of good conduct credits for each year of his sentence, rather than for each year that he has actually served.  But his arguments are foreclosed by recent Fifth Circuit precedent.  In <u>Moreland v. Federal Bureau of Prisons</u>, No. 05-20347, ___ F.3d

___, 2005 WL 3030414 (November 10, 2005) (slip op.), and Sample v. Morrison, 406 F.3d 310

(5th Cir. 2005), the Fifth Circuit held that § 3624(b) was unambiguous, and that the Bureau of

Prisons properly awarded credit only for each year actually served.  Moreover, no circuit court

has found in petitioner's favor on this issue.  See Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir.

2005); Sash v. Zenk, 428 F.3d 132 (2nd Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3rd Cir.

2005); Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005); Petty v. Stine, 424 F.3d 509

(6th Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004), cert. denied, ___ U.S. ___, 125

S.Ct. 2921 (2005); James v. Outlaw, 126 Fed.Appx. 758 (8th Cir. 2005)(unpublished); Pacheco -

Camacho v. Hood, 272 F.3d 1266, 1268 (9th Cir. 2001); Brown v. McFadden, 416 F.3d 1271 (11th

Cir. 2005).  The petitioner is not entitled to any relief.

## RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for § 2241 relief be

summarily dismissed.

Respectfully submitted  this 28th day of December, 2005.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Services Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).